UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILSON EDUARDO JUELA GOMEZ, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:26-cv-12054-IT |
| ANTONE MONIZ, Superintendent, Plymouth | * | |
| County Correctional Facility, et al., | * | |
| | * | |
| Respondents. | * | |
| | * | |

MEMORANDUM & ORDER

May 20, 2026

TALWANI, D.J.

Petitioner Wilson Eduardo Juela Gomez is an Ecuadorian citizen currently detained at the

Plymouth County Correctional Facility in Plymouth, Massachusetts. Pet. ¶¶ 16, 23 [Doc. No. 1].

On April 23, 2026, Petitioner was detained by Immigration and Customs Enforcement

("ICE") agents. Id. ¶ 32. The Department of Homeland Security's ("DHS") Form I-213, Record

of Deportable/Inadmissible Alien, indicates that on that same day Petitioner "was advised of the

Guerrero-Orellana class action notice[.]" Pet. Ex. B., at ECF 7–9 [Doc. No. 1-1].[1]

On April 24, 2026, Petitioner's counsel filed a motion with the Immigration Court

requesting a bail hearing. Pet. ¶ 34 [Doc. No. 1]. The Immigration Court held a custody

redetermination hearing for Petitioner on May 4. Id. ¶ 40. At the hearing, the immigration judge

---

[1] In Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), appeal filed, No. 26-1094
(1st Cir. Jan. 26, 2026), the court entered, as to class members, a declaratory judgment
establishing that class members are not subject to detention under 8 U.S.C. § 1225(b)(2) but
under 8 U.S.C. § 1226(a) and are thus entitled to "access to consideration for release on bond
and/or conditions before immigration officers and Immigration Judges." Id. at 199.

denied Petitioner's request for a change in custody status, citing to Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), to conclude that the court lacked jurisdiction over the hearing. Id. ¶ 40; Pet. Ex. A [Doc. No. 1-1].

On May 5, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that his detention is governed by 8 U.S.C. § 1226(a) and that he is therefore entitled to a bond hearing. Pet ¶¶ 42–43 [Doc. No. 1]. Petitioner also maintains that he is entitled to a bond hearing as a member of the class in Guerrero Orellana v. Moniz. Id. ¶¶ 1, 42.

In response, Respondents state that "the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025)]." Resp'ts' Resp. to Habeas Pet. 1 [Doc. No. 9]. Respondents further note that should the court follow its reasoning in Doe, it would reach the same result here. Id.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (BIA 2025), is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, No. 1:25-CV-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows:

No later than May 27, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued

detention, specifically identifying the basis for any assertion that Petitioner's release would pose a danger or flight risk.

Respondents shall submit a status report on this matter no later than May 29, 2026.

IT IS SO ORDERED.

May 20, 2026                                    /s/ Indira Talwani
                                               United States District Judge